UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KYLE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01659-TWP-KMB |
| | ) |
| JOHNSON, | ) |
| | ) |
| Defendant. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Kyle Lewis ("Lewis") is a prisoner currently incarcerated at New Castle Correctional Facility. He filed this civil action alleging claims of deliberate indifference to his serious medical needs. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint alleges that Lewis experienced a medical emergency on or about December 22, 2021. He pulled the emergency button in his cell requesting to be seen by medical personnel about his insulin administration because his chest "wasn't feeling right." Dkt. 1 at 2. He was informed that due to a staff shortage, insulin would not be conducted until after the shift change. He sat to watch television and became confused and disorientated shortly afterward. Lewis pushed the emergency button again, but before he could explain his symptoms, he lost his ability to speak. Correctional officers rushed him to the medical outpatient unit. Once he arrived, Nurses Runyon, Winters, and Sherron ran an EKG test and informed Nurse Practitioner Johnson that he needed to be taken to a hospital. Nurse Practitioner Johnson refused to call an ambulance until a doctor arrived approximately one hour later. Due to this one-hour delay in calling 911, Lewis suffered prolonged pain and suffering, including lingering chest pain and habitual clutching of his left hand.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, the complaint **shall proceed** with Eighth Amendment deliberate indifference claims against Nurse Practitioner Johnson.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through January 31, 2023,** in which to identify those claims.

## IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Nurse Practitioner Johnson in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nurse Practitioner Johnson is identified as an employee of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is ORDERED to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 1/4/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KYLE LEWIS
220487
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Nurse Practitioner Johnson
Medical Employee
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronic Service to Centurion