UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KYLE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01659-TWP-KMB |
| | ) | |
| JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Johnson's ("Nurse Practitioner Johnson") Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 (Dkt. 53). Plaintiff Kyle Lewis ("Lewis"), an inmate at Wabash Valley Correctional Facility, filed this civil rights action alleging that Nurse Practitioner Johnson violated his constitutional rights by acting with deliberate indifference to his complaints of chest pain, weakness, and difficulty speaking. For the reasons below summary judgment is **granted**.

### I.    STANDARD OF REVIEW

A motion for summary judgment asks the court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the non-moving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3);

it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Lewis failed to respond to the summary judgment motion. Accordingly, facts alleged in the Motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.   FACTUAL BACKGROUND

Because Nurse Practitioner Johnson has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Lewis and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

A. **The Parties**

At all times relevant to his Complaint, Lewis was incarcerated at New Castle Correctional Facility. Nurse Practitioner Johnson was a family nurse practitioner providing medical services within the Indiana Department of Correction. (Dkt. 54-1.)

B. **Lewis' Medical Episode and Johnson's Involvement**

On December 21, 2022, Lewis was brought to the New Castle Correctional Facility medical unit with complaints of chest pain, weakness, and difficulty speaking. *Id*. at 3. Nurses in the medical unit contacted Nurse Practitioner Johnson at approximately 4:30 a.m. and reported Lewis' condition. *Id*. Nurse Practitioner Johnson immediately ordered the administration of saline intravenously, supplemental oxygen, and continuous monitoring of Lewis' vital signs until the facility physician, Dr. Nwannunu, could assess him. *Id*. She attests that Lewis would have received "identical emergency department treatment and an identical outcome" had he been transported to a hospital at this time. *Id*. at 6.

Approximately one hour later, Dr. Nwannunu arrived and ordered the administration of 325mg aspirin. *Id*. at 3. Based on his initial diagnosis of expressive aphasia, Dr. Nwannunu ordered that Lewis be transported to Ascension St. Vincent-Anderson Hospital Emergency Department for further testing and treatment. *Id*. at 5.

While at Ascension St. Vincent-Anderson, Lewis underwent extensive testing that the Court need not recite here. *See id.* at 4-6. By the afternoon, Lewis' symptoms had "resolved completely without treatment intervention and without residual deficits." *Id*. at 6. Lewis received a same-day discharge back to prison with no pain reported and no continuing symptoms. *Id*. at 5-6.

### III.     DISCUSSION

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, Plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).  The Court assumes for purposes of the summary judgment motion that Lewis' chest pain was objectively serious.  To avoid summary judgment, then, the record must allow a reasonable jury to conclude that Nurse Practitioner Johnson acted with deliberate indifference— that is, that she "consciously disregarded a serious risk to [Lewis'] health." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021) (cleaned up).

Deliberate indifference requires more than negligence or even objective recklessness.  *Id*. Rather, Lewis "must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

The Seventh Circuit has held that deliberate indifference occurs when the defendant:

- renders a treatment decision that departs so substantially "'from accepted professional judgment, practice, or standards as to demonstrate that'" it is not based on judgment at all. *Petties*, 836 F.3d at 729 (quoting *Cole v. Fromm*, 94 F.3d 254, 260 (7th Cir. 1996)).

- refuses "to take instructions from a specialist." *Id.*

- persists "in a course of treatment known to be ineffective." *Id.* at 729–30.

4

- chooses "an 'easier and less efficacious treatment' without exercising professional judgment." *Id.* at 730 (quoting *Estelle*, 429 U.S. at 104 n.10).

- effects "an inexplicable delay in treatment which serves no penological interest." *Id.*

Here, the undisputed record demonstrates that Nurse Practitioner Johnson's treatment of Lewis was based on medical judgment. Nurse Practitioner Johnson attests that the medical treatment she prescribed for Lewis during the one-hour period between his arrival in the medical unit and his assessment by Dr. Nwannunu, was not only based on her assessment of his condition but also "identical" to the treatment he would have received if immediately brought to a hospital. (Dkt. 54-1 at 6.) There is no evidence in the record that Nurse Practitioner Johnson refused to follow a specialist's orders, persisted in an ineffective treatment, or was responsible for any inexplicable delay in treatment.

Lewis may disagree with Nurse Practitioner Johnson's treatment decision, but "[d]isagreement between a prisoner and [a medical professional], or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Because no reasonable juror could conclude that her treatment decisions were not based on medical judgment, Nurse Practitioner Johnson is entitled to summary judgment.

### IV.  CONCLUSION

For the reasons stated above, Defendant Johnson's Motion for Summary Judgment, Dkt. [53], is **GRANTED**.  Final judgment consistent with this Order shall issue separately.

**SO ORDERED.**

Date: 9/4/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kyle Lewis, #220487
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Travis W. Montgomery
BLEEKE DILLON CRANDALL ATTORNEYS
travis@bleekedilloncrandall.com